IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID L. MILLER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-12-CV-0867-N-BD |
| | § | |
| JANICE WARDER, ET AL. | § | |
| | § | |
| Respondents. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil action in the nature of mandamus brought by David L. Miller, a Texas prisoner, against a state district judge, a Dallas County prosecutor, and his former attorney. Petitioner has not paid the statutory filing fee or sought leave to proceed *in forma pauperis*. After reviewing his complaint, the court determines that petitioner should not be allowed to proceed *in forma pauperis* because he has filed at least three prior civil actions while incarcerated that were dismissed as frivolous or for failure to state a claim, and he is not "under imminent danger of serious physical injury."

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he has filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to the "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* In order to meet the "imminent danger" requirement of section 1915(g), the "threat or prison condition [must be] real and proximate." *Valdez v. Bush*, No. 3-08-CV-1481-N, 2008 WL 4710808 at *1 (N.D. Tex. Oct. 24, 2008), *quoting Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).

Allegations of past harm do not suffice -- the harm must be imminent or occurring at the time the complaint is filed. *Id.* Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury. *Id., citing Alpine v. Long*, No. 9-07-CV-234, 2007 WL 3132530 at *3 (E.D. Tex. Oct. 23, 2007). "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id., quoting Niebla v. Walton Correctional Inst.*, No. 3-06-CV-275-LAC-EMT, 2006 WL 2051307 at *2 (N.D. Fla. Jul. 20, 2006).

Petitioner was allowed to proceed *in forma pauperis* in a number of civil actions filed while he was incarcerated. At least three of those cases were dismissed either as frivolous or for failure to state a claim before petitioner filed the instant suit. *See Miller v. Texas Dept. of Criminal Justice*, No. 3-08-CV-2285-O, 2009 WL 856031 at *1 (N.D. Tex. Mar. 31, 2009) (identifying cases filed by petitioner that were dismissed as frivolous or for failure to state a claim). On at least four prior occasions, petitioner has been denied *in forma pauperis* status under the "three strikes" rule. *See id.*; *Miller v. UTMB*, No. 4-12-CV-813 (S.D. Tex. Mar. 20, 2012) (Doc. #5); *Miller v. Talley*, No. 4-10-CV-3341 (S.D. Tex. Oct. 13, 2010) (Doc. #5); *Miller v. Nursing Staff at Ellis Unit*, No. 4-08-CV-2703 (S.D. Tex. Sept. 29, 2008) (Doc. #26), *appeal dism'd*, No. 08-20686 (5th Cir. Jan. 9, 2009). Because petitioner makes no showing that he is "under imminent danger of serious physical injury," he cannot prosecute this action without paying the statutory filing fee.

## **RECOMMENDATION**

Petitioner should be ordered to pay the $350.00 statutory filing fee within 20 days after this recommendation is adopted by the district judge. If he fails to do so, this case should be dismissed without further notice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 26, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE